﻿Citation Nr: AXXXXXXXX
Decision Date: 08/27/19 Archive Date: 08/27/19

DOCKET NO. 190221-3447
DATE: August 27, 2019

REMANDED

Entitlement to service connection for and acquired psychiatric disorder to include post-traumatic stress disorder (PTSD), anxiety disorder, and bipolar disorder is remanded.

REASONS FOR REMAND

The Veteran served on active duty from August 1986 to May 1990. 

This matter comes before the Board of Veterans’ Appeals (Board) from a June 2017 rating decision from a Department of Veterans Affairs (VA) regional office (RO). 

In September 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). A new rating decision was issued under the modernized review system in October 2018. The Veteran appealed that decision and elected a direct review by the Board. 

The Veteran’s claim adjudicated in the June 2017 rating decision was to reopen a previously denied claim for service connection for PTSD. However, as the October 2018 rating decision directly adjudicated the issue of service connection for PTSD, the Board will treat this as an implicit favorable finding of new and relevant evidence to reopen the claim. Therefore, the Board will only address the issue of service connection, which was denied in the October 2018 rating decision. 

Based on the medical evidence of record, and in light of the holding in Clemons v. Shinseki, the Veteran’s claim for service connection for a mental condition has been recharacterized as noted above. 23 Vet. App. 1 (2009) (holding that when a Veteran makes a claim, he is seeking service connection for symptoms regardless of how those symptoms are diagnosed or labeled). 

Service Connection for an Acquired Psychiatric Disorder

Prior to the October 2018 rating decision on appeal, the Veteran identified an additional stressor of hostile military action in Panama. This additional stressor is noted in the Veteran’s treatment records. Although proper attempts have been made to verify the additional stressors or training accidents reported in 1988 and 1989, no such attempts have been made to verify the reported hostile military action in Panama. Therefore, a remand is required for VA to fulfill its duty to assist the Veteran by attempting to corroborate the Veteran’s reported stressor.

Additionally, as the Veteran’s claim is properly characterized as one for any acquired psychiatric disorder, a remand is warranted to provide an examination to evaluate the nature and etiology of the formally diagnosed conditions of anxiety disorder and bipolar disorder. The conditions constitute current disabilities. The Veteran relates their onset to experiences in active service. However, there is insufficient medical evidence to determine if there is a causal nexus. Therefore, VA’s duty to assist requires it to provide the Veteran a medical examination. 

The matters are REMANDED for the following action:

1. Attempt to corroborate the Veteran’s reported in-service stressor of hostile military action in Panama. If more details are needed, contact the Veteran to request the information. 

2. After the Veteran’s reported stressors have been developed, schedule the Veteran for a psychiatric examination to determine the nature and etiology of any acquired psychiatric disorder to include PTSD, anxiety disorder, and bipolar disorder. 

If the Veteran is diagnosed with PTSD, the examiner must explain how the diagnostic criteria are met and opine whether it is at least as likely as not related to a verified in-service stressor. 

If any other acquired psychiatric disorders are diagnosed, the examiner must opine whether each diagnosed disorder is at least as likely as not related to an in-service injury, event, or disease. 

 

 

K. J. ALIBRANDO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Reed, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.